IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF HAWAII

| | |
|---|---|
| PETER R. TIA, #A1013142,<br><br>  Plaintiff,<br><br>    vs.<br><br>UNITED STATES SUPREME<br>COURT, SCOTT S. HARRIS,<br>JACOB LEVITAN, SGT.<br>ADRIENNE SALAS, DISTRICT<br>OF COLUMBIA MAYOR DOE,<br><br>  Defendants.<br>_____ | CIV. NO. 17 00310 SOM KJM<br><br>ORDER DENYING IN FORMA<br>PAUPERIS APPLICATION AND<br>DISMISSING ACTION PURSUANT<br>TO 28 U.S.C. § 1915(g) |

## **ORDER DENYING IN FORMA PAUPERIS APPLICATION AND DISMISSING ACTION PURSUANT TO 28 U.S.C. § 1915(g)**

Before the court is pro se Plaintiff Peter R. Tia's prisoner civil rights complaint and Application to Proceed In Forma Pauperis ("IFP"). Tia alleges United States Supreme Court Clerk of Court Scott S. Harris, Deputy Clerk Jacob Levitan, Halawa Correctional Facility Sergeant Adrienne Salas, and the Mayor of the District of Columbia conspired to obstruct justice when Mr. Harris returned Tia's documents without filing them with the Supreme Court. *See* Exh., ECF No. 1 2. Tia's IFP Application is DENIED and this action is DISMISSED without prejudice.

## I. 28 U.S.C. § 1915(g)

A prisoner may not bring a civil action or appeal if he has "on 3 or more prior occasions, while incarcerated or detained in any facility, brought an action or appeal in a court of the United States that was dismissed" as frivolous, malicious, or for failure to state a claim, "unless the prisoner is under imminent danger of serious physical injury." 28 U.S.C. § 1915(g). "[Section] 1915(g) should be used to deny a prisoner's IFP status only when, after careful evaluation of the order dismissing an action, and other relevant information, the district court determines that the action was dismissed because it was frivolous, malicious or failed to state a claim." *Andrews v. King*, 398 F.3d 1113, 1121 (9th Cir. 2005). "[D]istrict court docket records may be sufficient to show that a prior dismissal satisfies at least one of the criteria under § 1915(g) and therefore counts as a strike." *Id.* at 1120.

The imminent danger "exception applies if the complaint makes a plausible allegation that the

prisoner faced 'imminent danger of serious physical injury' at the time of filing." *Andrews v. Cervantes*, 493 F.3d 1047, 1055 (9th Cir. 2007). This "exception turns on the conditions a prisoner faced at the time the complaint was filed, not some earlier or later time." *Id.* at 1053. Claims of "imminent danger of serious physical injury" cannot be triggered solely by complaints of past abuse. *See Ashley v. Dilworth*, 147 F.3d 715, 717 (8th Cir. 1998); *Luedtke v. Bertrand*, 32 F. Supp. 2d 1074, 1077 (E.D. Wis. 1999).

## II. **APPLICATION**

Tia has accrued three "strikes" under § 1915(g),[1] has been notified of these strikes, and may not proceed without concurrent payment of the civil filing fee unless he plausibly alleges that he was in imminent danger of serious physical injury when he filed suit.

Tia alleges no facts showing that he was in

---

[1] *See Tia v. Fujita*, 1:08-cv-00575 HG/BMK (D. Haw. Jan. 27, 2009) (dismissed for failure to state a claim); *Tia v. Criminal Investigation Demanded*, 1:10-cv-00383 SOM/BMK (D. Haw. Aug. 5, 2010) (dismissed as frivolous and for failure to state a claim); and *Tia v. Criminal Investigation*, 1:10-cv-00441 DAE/BMK (D. Haw. July 30, 2010) (dismissed as frivolous and for failure to state a claim). *See* PACER Case Locator http://pacer.psc.uscourts.gov.

imminent danger of serious physical injury when he commenced this action, from Defendants or others. Because Tia fails to assert a plausible allegation that he was in imminent danger of serious physical injury when he commenced this case, he may not proceed IFP.

### III.  CONCLUSION

Tia's Application to Proceed In Forma Pauperis is DENIED and this action is DISMISSED without prejudice. Tia may refile these claims in a new action with concurrent payment of the civil filing fee.  The Clerk of Court is DIRECTED to close the case and note this dismissal is pursuant to 28 U.S.C. § 1915(g).

IT IS SO ORDERED.

Dated: Honolulu, Hawaii; July 5, 2017.



/s/ Susan Oki Mollway
Susan Oki Mollway
United States District Judge

*Tia v. Supreme Court of the United States,* 1:17-cv-00310 SOM-KJM; 3 Stks 2017/Tia 17-310 (obs just.)

4